THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR A WRITTEN OPINION IN WHICH YOU CALL OUR ATTENTION TO 21 O.S. 1289.12 (1981), WHICH MAKES IT UNLAWFUL "TO KNOWINGLY SELL, TRADE, GIVE, TRANSMIT OR OTHERWISE CAUSE THE TRANSFER OF RIFLES, SHOTGUNS OR PISTOLS TO ANY CONVICTED FELON." YOU THEN ASK IN EFFECT WHETHER THE OKLAHOMA SUPREME COURT'S OPINION IN THE CASE OF STATE EX REL. CLOUD V. ELECTION BOARD OF THE STATE OF OKLAHOMA, 169 OKL. 363, 36 P. 2D 20, 94 A.L.R. 1007 (1934), OR ANY OTHER LEGAL AUTHORITY, RELIEVES A FULLY AND UNCONDITIONALLY PARDONED FELON FROM THE SCOPE OF SAID STATUTE SO THAT HE MAY BE LICENSED AS A GUNSMITH.
THE CLOUD OPINION HAS NEVER BEEN SPECIFICALLY WITHDRAWN OR OVERRULED BY THE SUPREME COURT. HOWEVER, IT HAS BEEN DISTINGUISHED IN SEVERAL LATER APPELLATE COURT OPINIONS, MOST NOTABLY SCOTT V. RAINES, 373 P. 2D 267 (OKL. CR. 1962), AND KELLOGG V. STATE, 504 P. 2D 440 (OKL. CR. 1972). (SEE ALSO HALEY V. OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, 696 P. 2D 10 (OKL. APP. 1984), WHERE THE MAJORITY OPINION DEEMS THE SUPREME COURT TO HAVE MODIFIED CLOUD IN ITS LATER OPINION IN STONE V. OKLAHOMA REAL ESTATE COM'N, 369 P. 2D 642 (OKL. 1962), BUT A SHARPLY WORDED DISSENTING OPINION DISAGREES.)
IN THE KELLOQQ CASE THE COURT OF CRIMINAL APPEALS SAID:
 "AS TO THE EFFECT OF A PARDON, IT IS TRUE IN SOME JURISDICTIONS THAT A PARDON `COMPLETELY FREES THE OFFENDER FROM THE CONTROL OF THE STATE AND RELIEVES HIM OF ALL DISABILITIES RESULTING FROM HIS CONVICTION'. (CITATIONS OMITTED) ALTHOUGH OKLAHOMA MAY HAVE ONCE FOLLOWED SUCH A VIEW, THE PRESENT POSITION IN THIS JURISDICTION IS THAT A CONVICTION 'IS NOT WIPED OUT BY A PARDON, AS THE PARDON BY THE EXECUTIVE POWER DOES NOT BLOT OUT THE SOLEMN ACT OF THE JUDICIAL BRANCH OF GOVERNMENT'."
(EMPHASIS ADDED.)
THE KELLOGG CASE THUS STATES THE SO-CALLED MODERN VIEW THAT A PARDON DOES NOT ERASE THE HISTORICAL FACT THAT A CONVICTION WAS HAD AND THAT THE LANGUAGE OF EARLIER CASES SUCH AS CLOUD TO THE EFFECT THAT A PARDON REACHES BOTH THE GUILT AND THE PUNISHMENT FOR A CRIME, OBLITERATES THE OFFENSE, MAKES THE OFFENDER "WHOLE" AGAIN, ETC., IS NOT TO BE TAKEN LITERALLY.
THE KELLOQQ CASE IN PARTICULAR WAS RELIED UPON IN TWO (2) PRIOR OPINIONS OF THE ATTORNEY GENERAL, NOS. 81-283 AND 84-101, TO CONCLUDE THAT A PARDONED FELON CAN NOT CARRY OR POSSESS FIREARMS, EVEN IF NEEDED IN HIS OCCUPATION, AND EVEN THOUGH HE COULD BE ELECTED TO SUCH A POSITION (E. G., SHERIFF).
THE STATUTE CONCERNED IN THESE OPINIONS WAS 21 O.S. 1283, MAKING IT AN OFFENSE FOR THE CONVICTED FELON TO CARRY OR POSSESS CERTAIN DESCRIBED FIREARMS. THE RELATED STATUTE ABOUT WHICH YOU INQUIRE, 21 O.S. 1289.12, MAKES IT AN OFFENSE TO FURNISH FIREARMS TO A CONVICTED FELON. THIS LAST MENTIONED STATUTE MAKES NO EXCEPTION AS TO THE PURPOSE FOR WHICH A FIREARM MIGHT BE TRANSFERRED TO THE FELON.
I HAVE FOUND NOTHING IN THE STATE STATUTES DEFINING OR RELATING TO THE LICENSING OR OTHER REGULATING OF GUNSMITHS. HOWEVER, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY SAYS THAT A GUNSMITH IS "ONE WHO DESIGNS, MAKES OR REPAIRS SMALL FIREARMS." IT IS HARD TO CONCEIVE OF ANYONE PREVIOUSLY CONVICTED OF A FELONY ENGAGING IN THE OCCUPATION OF GUNSMITH WITHOUT RUNNING AFOUL OF BOTH OF THESE STATUTES, 21 O.S. 1283 DIRECTLY, AND 21 O.S. 1289.12 INDIRECTLY. (AIDING AND ABETTING THE COMMISSION OF AN OFFENSE MAKES ONE A PRINCIPAL IN OKLAHOMA. SEE 21 O.S. 172 (1981))
NEITHER OF THE STATUTES CONCERNED MAKES ANY DISTINCTION AS TO THE TYPE OR GRADE OF FELONY CONVICTION. ANY FELONY CONVICTION MAKES ONE SUBJECT TO THEIR PROHIBITIONS.
IT IS MY CONCLUSION THAT NEITHER THE CLOUD CASE NOR ANY OTHER LEGAL AUTHORITY OF WHICH I AM AWARE WOULD OPEN THE WAY FOR A CONVICTED FELON, WHETHER UNCONDITIONALLY PARDONED OR NOT, TO FOLLOW THE OCCUPATION OF GUNSMITH IN ANY MEANINGFUL WAY IN OKLAHOMA AT THE PRESENT. I THINK THIS ANSWERS YOUR INQUIRY. IF NOT PLEASE FEEL FREE TO CONTACT ME.
(HUGH H. COLLUM)